IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM JOHNAKIN,
    Plaintiff,

v.                           CIVIL ACTION NO. 19-CV-3484

PAROLE OFFICER STUART
BERRINGER, *et al.*,
    Defendants.

## MEMORANDUM

**TUCKER, J.**                                                  **SEPTEMBER 30, 2019**

    *Pro se* Plaintiff William Johnakin, a pretrial detainee currently confined at Berks County Prison, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional claims. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Johnakin is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, certain claims in the Complaint will be dismissed with prejudice, and other claims will be dismissed without prejudice. Johnakin will also be granted leave to file an amended complaint to attempt to cure the defects noted by the Court concerning the claims dismissed without prejudice.

**I.     FACTS**

    Johnakin alleges that his probation officer, Defendant Stuart Berringer, revoked his parole because he refused to change his health care provider. (ECF No. 2 at 6.)[1] Johnakin, who asserts he is HIV positive and who had employer provided health care, was directed by Berringer to enroll in a counseling program not covered by his health care plan. (*Id.*) Johnakin asserts he could not afford to pay for the counseling out of pocket and Berringer threatened to reincarcerate

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

him if he did not comply with his counseling obligation. (*Id.*) Johnakin characterizes these events as Berringer demanding that he drop his employer provided health care plan, which would have resulted in his not being able to receive treatment for his HIV status since December 2018. (*Id.*)

Later in his Complaint, Johnakin acknowledges that a drug test administered by Berringer was positive for cocaine. (*Id.* at 10.) That test result was the reason Berringer directed that he get counseling. He asserts that when he arrived at the counseling center he learned it did not accept his insurance. (*Id.*) He showed Berringer receipts and letters from the counseling center, and Berringer allegedly told him "to do what [he had] to do and change health care because if not he was going to violate me for not complying and lock me up again." (*Id.*) Johnakin alleges that he needed refills for his prescriptions and the only way to get it "would be to sneak to N.Y.C. and see my doctor and I couldn't cause [sic] that itself is a violation and would put me back in jail." (*Id.* at 11.) He also asserts that on June 27, 2019 he qualified for food stamps and Medicaid, but still had to pay for counseling out of pocket. (*Id.* at 12.) Berringer revoked Johnakin's parole on June 28, 2019, allegedly because of new charges being filed against him and because of a failed drug test. (*Id.*)

A review of public records shows that Johnakin has been confined at the Berks County Prison since June 28, 2019. *See Commonwealth v. Johnakin*, CP-06-CR-322-2018. He was previously charged with retail theft in 2017, and entered a plea of guilty on July 5, 2018. He was sentenced on the same day to a term of 178 days to 23 months incarceration. (*Id.*) The state court docket notes that a furlough order and work release agreement were entered on September 21, 2018. A bench warrant was issued on July 3, 2019, presumably due to the failed drug test or

2

new charges being filed. Johnakin states in his Complaint that he is a pretrial detainee. (*Id.* at 5.)

In addition to Berringer, Johnakin has sued Berks County Adult Probation and Parole ("BCAPP") on the ground that it is responsible for giving its parole officers the power to tell probationers that they must change their health care plans. (*Id.* at 6-7.) He asserts that BCAPP is not a medical facility and has no medical training and should not be allowed to decide about a probationer's health care. (*Id.* at 7.) Johnakin has also named Berks County and the City of Reading on the ground that they are responsible for BCAPP. (*Id.* at 7-8.). Finally, Johnakin has named the Berks County Jail System and PrimeCare Medical, the medical provider at the Jail, because they knew when he was committed that he had not had any medication in six months, did nothing to get him his HIV medication, and failed to test or analyze his medical condition. (*Id.* at 8.) He also claims that he has lost 40 pounds since his incarceration, has developed dark skin blotches, and fears he will develop shingles due to his compromised immune system. (*Id.* at 12.) All Defendants are sued in the official and individual capacities. (*Id.* at 3-5.)

## II. STANDARD OF REVIEW

The Court will grant Johnakin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[2] However, as Johnakin is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Johnakin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

4

### A. Claim Against Berks County Adult Probation and Parole and Official Capacity Claim Against Berringer

Official capacity claims against officials like Defendant Berringer are indistinguishable from claims against the entity that employs him. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

The United States Court of Appeals for the Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment) ). As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to claims for damages under Section 1983 against Berks County Adult Probation and Parole as well as the official capacity claim against its employee Berringer. Accordingly, these claims must be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. *Monell* Claims Against Berks County, Reading and PrimeCare Medical

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

"'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

The *Monell* claims against Berks County and the City of Reading fail to meet the *Monell* standard. To the extent that the Complaint may be read to allege that the County and City maintain a policy of requiring probationers to change their health insurance, or that there is a policy to deny medical treatment to HIV positive prisoners, the allegation fails to set forth the requisite specificity required by the case law. Simply paraphrasing the elements of a *Monell* claim is insufficient to state a plausible claim, and Johnakin has not even done that. *See Anderson v. City of Philadelphia*, Civ. A. No. 14-6747, 2015 WL 3647416, at *4 (E.D. Pa. June 12, 2015) (holding that allegation that City developed, implemented, enforced, encouraged, and sanctioned de facto policies, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights was insufficient); *Smith v. McClendon*, Civ. A. No. 14-6358, 2015 WL 2079689, *8 (E.D. Pa. May 5, 2015) (holding that allegation that adverse treatment was the result of municipal policies, customs, omissions, lack of training and continuing indifference to deprived disabled persons of reasonable access to a public building because of disability was

insufficient) (citing *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014); *see also McTernan*, 564 F.3d at 658 (holding that allegation that plaintiff's rights were violated "due to the City's policy of ignoring First Amendment right[s.]" was "not sufficient"). Because Johnakin fails to allege specific facts regarding any relevant policy or custom — other than his own experience with his probation officer and Berks County Prison — he fails to meet the "rigorous standards of culpability and causation" required for *Monell* liability. *Brown v. Bd. Of Cty. Comm'rs of Bryan Cty.*, 520 U.S. 397, 405 (1997). Accordingly, Johnakin's *Monell* claims against the County and City are dismissed pursuant to § 1915(e)(2)(B)(ii).

The *Monell* claim against Defendant PrimeCare Medical also fails to state a claim. To hold a private corporate defendant like PrimeCare Medical liable under section 1983, a plaintiff must show that the corporation was acting under the color of law and that the constitutional violation arose from the corporation's official policy or custom. *Milliner v. Diguglielmo*, Civ. A. No. 08-4905, 2011 WL 2357824, at *6 (E.D. Pa. June 8, 2011) (citing *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-83 (3d Cir. 2003)). Any violation of a plaintiff's rights must have been done intentionally or with deliberate indifference to those rights. *Summers v. City of Philadelphia*, Civ. A. No. 17-191, 2017 WL 2734277, at *3 (E.D. Pa. June 26, 2017). While Johnakin alleges that PrimeCare Medical knew he was off of his HIV medication and he did not receive medication after he was detained, he fails to allege that the Defendant had a policy of denying HIV medication, let alone any specifics about such a policy, or that PrimeCare Medical denied him medication through deliberate indifference.

Accordingly, all *Monell* claims are dismissed for failure to state a claim under § 1915(e)(2)(B)(ii). The Court will, however, grant Johnakin an opportunity to file an amended complaint if he is able to cure the defects identified in his *Monell* claims.

### C. Claim Against Berks County Jail System

This is not the first time Johnakin has attempted to sue the Berks County Jail System. *See Johnakin v. Berks Cty. Jail Sys.*, Civ. A. No. 18-749, 2018 WL 3148106, at *5 (E.D. Pa. June 26, 2018). As the Court explained to Johnakin in that case, county jails and departments of county jails are not "persons" that are "subject to suit under federal civil rights laws." *Id.* at *5 (citing *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009); *Smaller v. Berks Cty.*, Civ. A. No. 12-1960, 2013 WL 4079646, at *1 n.1 (E.D. Pa. Aug. 13, 2013). Noting that the "Berks County Jail System" appears to be a reference to the jail itself, the Court determined it was not a proper party to that case. The same conclusion applies here, and the Court will therefore dismiss Johnakin's claims against the Berks County Jail System with prejudice.

### D. Individual Capacity Claim Against Defendant Berringer

Although the exact constitutional basis for Johnakin's individual capacity claim against Berringer is unclear, the Court assumes that he seeks to bring a claim for malicious prosecution arising from Berringer's revoking his probation, either because Johnakin failed to change his health care plan or undergo counseling. So construed, Johnakin's claim against Berringer based on the probation revocation is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a plaintiff may not bring a § 1983 action where success in that action would implicitly call into question the validity of the plaintiff's probation revocation. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole remedy is a writ of habeas corpus, not a § 1983 action." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also McBride v. O'Brien*, 646 F. App'x 277, 278 (3d Cir. 2016) (citing *Consovoy*, 453 F. 3d at 177) ("The *Heck* doctrine applies

8

to probation revocations decisions."); *see also Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (holding *Heck* "applies to proceedings that call into question the fact or duration of parole or probation").

Because Johnakin's claim is based on his probation revocation, applying the *Heck* bar requires the Court to determine whether his success on the claim would necessarily invalidate the revocation of his probation. To succeed on a malicious prosecution claim under § 1983, a plaintiff must show: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). The central inquiry in a malicious prosecution claim turns on whether probable cause existed. *See Smith v. Borough of Pottstown*, Civ. A. No. 96-1941, 1997 WL 381778, at *9 (E.D. Pa. June 30, 1997) (collecting cases). Likewise, a central inquiry in revoking probation is whether there exists probable cause that the probationer has violated the terms of his probation. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that a probationer whose probation is revoked must be accorded due process; specifically, he "is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision."). Because the existence of probable cause is determinative of both inquiries, Johnakin's malicious prosecution claim asserting a lack of probable cause is barred. Accordingly, the individual capacity claim against Defendant Berringer will be dismissed for failure to state a claim. The dismissal of this

claim will be without prejudice and Johnakin will be granted leave to amend his claim if can cure the defect identified by the Court, or his individual capacity claim is based upon some other legal theory to which the *Heck* bar would not apply.[3]

### E.     Deliberate Indifference to Serious Medical Needs Claim

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A defendant is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-

---

[3] To the extent the claim is based on some other legal theory, it is dismissed without prejudice on the alternate ground that Johnakin has failed to satisfy his obligation under Rule 8 to provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue.

[4] As it appears that Johnakin was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

To the extent that this claim is asserted against Berringer based on his alleged insistence that Johnakin change his health insurance provider, the claim is not plausible. There is no allegation that Berringer intentionally refused to provide medical care, delayed Johnakin from getting medical care, or prevented him from getting medical care. Johnakin's allegations against Berringer relate only to insurance, not to the actual provision of medical services. To the extent that the claim is asserted against PrimeCare Medical, Berks County or the City of Reading, as already explained, *Monell* liability under § 1983 must be premised upon a constitutional violation arising from a policy or custom, and Johnakin will be granted leave to amend his Complaint to attempt to cure the defects in his *Monell* claims.

### IV. CONCLUSION

For the reasons stated, the following claims contained in Johnakin's Complaint are dismissed with prejudice: (1) all official capacity claims, (2) all claims against BCAPP, (3) all claims against the Berks County Jail System, and (4) the individual capacity claim against Berringer based on deliberate indifference to serious medical need. The following claims are dismissed without prejudice: (1) all *Monell* claims, and (2) the individual capacity claim against Berringer based on Johnakin's probation revocation. Johnakin is granted leave to file an amended complaint in accordance with the following Order.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**