## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM JOHNAKIN,  
    Plaintiff,

v.

PAROLE OFFICER STUART  
BERRINGER, *et al.*,  
    Defendants.

: : : : : : : : :

**CIVIL ACTION NO. 19-CV-3484**

**FILED**

SEP 30 2019

KATE BARKMAN, Clerk  
By_____ Dep. Clerk

**ORDER**

AND NOW, this 30ᵗʰ day of September, 2019, upon consideration of Plaintiff William

Johnakin's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his prison trust fund account

statement (ECF No. 3) and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    William Johnakin, #2017-07991037217, shall pay the full filing fee of $350 in

installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court

hereby directs the Warden of the Berks County Jail System or other appropriate official to assess

an initial filing fee of 20% of the greater of (a) the average monthly deposits to Johnakin's

inmate account; or (b) the average monthly balance in Johnakin's inmate account for the six-

month period immediately preceding the filing of this case. The Warden or other appropriate

official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to

the Court with a reference to the docket number for this case. In each succeeding month when

the amount in Johnakin's inmate trust fund account exceeds $10.00, the Warden or other

appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding

month's income credited to Johnakin's inmate account until the fees are paid. Each payment

shall reference the docket number for this case.

1

3.     The Clerk of Court is directed to **SEND** a copy of this order to the Warden of the Berks County Jail System.

4.     The Complaint is **DEEMED** filed.

5.     The Complaint is **DISMISSED with prejudice** as to (1) all official capacity claims, (2) all claims against Berks County Adult Probation and Parole, (3) all claims against the Berks County Jail System, and (4) the individual capacity claim against Parole Officer Stuart Berringer based on deliberate indifference to serious medical need. The Complaint is **DISMISSED without prejudice** as to (1) all *Monell* claims, and (2) the individual capacity claim against Berringer based on Johnakin's probation revocation.

6.     Johnakin is **GRANTED** leave to file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must be a complete document and shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint. It shall contain a short, plain statement setting forth the basis for Johnakin's claims against each defendant. Johnakin may not reassert any claim dismissed with prejudice. Johnakin should provide enough information for the Court to understand what happened to him and how each named defendant acted to cause him injury. When drafting his amended complaint, Johnakin should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7.     The Clerk of Court shall send Johnakin a blank copy of the Court's form complaint for use by a prisoner in filing a civil rights action bearing the above civil action number. Johnakin may use this form to file his amended complaint in the instant case if he chooses to do so.

2

8.    If Johnakin fails to file an amended complaint in accordance with paragraph six (6) of this Order, his case may be dismissed without prejudice for failure to prosecute with no further notice.

BY THE COURT:

PETRESE B. TUCKER, J.